## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF WISCONSIN

MICHAEL R. BAUER,

         **Petitioner,**

    v.                               **Case No. 05-C-1274**

WARDEN DAN BUCHLER,

         **Respondent.**

## ORDER DENYING PETITION FOR A WRIT OF HABEAS CORPUS

On December 8, 2005, Michael R. Bauer ("Bauer"), a person incarcerated pursuant to a state court judgment, filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. On December 29, 2005, this court screened Bauer's petition in accordance with Rule 4 of the Rules Governing Section 2254 Cases, ordered the respondent to answer the petition, and denied Bauer's motion for the appointment of counsel. On January 30, 2006, the respondent answered the petition and Bauer responded. The pleadings are now closed and the matter is ready for resolution. All parties have previously consented to the full jurisdiction of a magistrate judge.

**FACTS**

Bauer challenges his conviction in Waukesha Circuit Court case number 97CF00669. On July 31, 1998, Bauer was convicted of two counts of solicitation of first-degree intentional homicide, in violation of Wisconsin Statute §§ 939.30(2) and 940.01(1). (Ans. Ex. A-1.) On September 25, 1998, Bauer was sentenced to 10 years as to each count to be served consecutively.. (Ans. Ex. A-1.) Bauer appealed and on October 18, 2000, the court of appeals summarily affirmed his conviction. (Ans. Ex. D.) On December 12, 2000 the Wisconsin Supreme Court denied review.

(Ans. Ex. E.) On October 7, 2004, Bauer filed a petition for a writ of habeas corpus with the court of appeals, (Ans. Ex. G), which the court of appeals denied on November 5, 2004, (Ans. Ex. B). On January 11, 2005, the Wisconsin Supreme Court denied review. (Ans. Ex. C.) Bauer filed the present petition on December 8, 2005.

**ANALYSIS**

Bauer's petition is untimely under 28 U.S.C. § 2244(d)(1) and therefore must be dismissed. Bauer's conviction became final under 28 U.S.C. § 2244(d)(1)(A) on March 14, 2001, which is the expiration of the 90-day period in which Bauer could have petitioned for review by the United States Supreme Court following the remittitur issued following the Wisconsin Supreme Court's denial of review. Therefore, Bauer had until March 14, 2002 in which to either file a petition for a writ of habeas corpus in federal court or to properly file a subsequent challenge to his conviction in state court so as to further toll the statute of limitations. See 28 U.S.C. § 2244(d).

Bauer did not take any further action until October 7, 2004, more than two-and-a-half years after his conviction became final. Bauer argues that the one-year statute of limitations does not apply to him because "Ineffective Assistance of Appellate counsel may constitute cause for a procedural default." (Docket No. 10 at 4 (citing Mason v. Hanks, 97 F.3d 887, 892 (7th Cir. 1996))).

Under the circumstances presented in Bauer's case, a claim of ineffective assistance of appellate counsel will not excuse a petitioner's failure to abide by the one-year statute of limitations for filing a federal habeas petition. A petitioner will be able to avoid the effect of the one-year statute of limitations only if he is able to demonstrate that the statute of limitations should be equitably tolled. See Pace v. DiGuglielmo, 544 U.S. 408, 417 (2005). "Generally, a litigant seeking equitable tolling bears the burden of establishing two elements: (1) that he has been pursuing his

rights diligently, and (2) that some extraordinary circumstance stood in his way." Id. Bauer has failed to demonstrate either element and therefore this court must dismiss his petition as untimely.

It should also be noted that Bauer filed a motion for the appointment of counsel. In light of this court's decision, that motion will be denied.

**IT IS THEREFORE ORDERED** that Bauer's motion for appointment of counsel is **denied**.

**IT IS FURTHER ORDERED** that Bauer's petition for a writ of habeas corpus is denied as untimely under 28 U.S.C. § 2244(d)(1). The clerk shall enter judgment accordingly.

Dated at Milwaukee, Wisconsin this 12th day of February, 2008.

s/AARON E. GOODSTEIN
U.S. Magistrate Judge